FILED
SCRANTON

APR 0 2 2008

PER _____ M 6 P.
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

BRUCE FERRELL,                          :
                                        :
            Plaintiff                   :
                                        :
      v.                                : CIVIL NO. 3:CV-07-1789
                                        :
JEFFERY BEARD, et al.,                  : (Judge Kosik)
                                        :
            Defendants                  :

## Memorandum and Order

### Background

Bruce Ferrell, an inmate confined at the State Correctional Institution at

Smithfield (SCI-Smithfield), Pennsylvania, filed this civil rights action on October 1,

2007, pursuant to 42 U.S.C. § 1983.  Named as Defendants are Jeffery A. Beard,

Secretary of the Pennsylvania Department of Corrections; Edward Klem,

Superintendent at the State Correctional Institution at Mahanoy (SCI-Mahanoy),

Plaintiff's former place of confinement and Thomas Temperine, SCI-Mahanoy

Deputy Superintendent.  Also named as a defendant is the DOC.  In the complaint,

Ferrell alleges that while housed at SCI-Mahanoy, the officials there imposed an

unsanitary and dangerous practice by making the RHU inmates shave while in the

shower.  Plaintiff complains that this practice results in showers which contain hairs

and blood which can clog up the drains - all resulting in a potentially contaminated area. He complains that the showers are not "decontaminated" after each inmate's use and this could result in the transmission of diseases.

Ferrell has also filed an application to proceed in forma pauperis in this matter and an authorization form. On October 22, 2007, the Court issued an Administrative Order directing that the financial department at his place of confinement begin deducting the full filing fee from his prison account. (Doc. 10.) The following day, his request to proceed in forma pauperis was granted and service of the complaint was directed. (Doc. 11.) It does not appear that any monies have yet been withdrawn. On December 14, 2007, Attorney Jaime B. Boyd entered an appearance on behalf of the Defendants. (Doc. 17.) A motion to dismiss the complaint filed on January 18, 2008 (Doc. 24) is presently pending. There are numerous additional motions pending which include Defendants' motion to stay discovery (Doc. 28) and multiple motions filed by Plaintiff.

For the reasons that follow, the Administrative Order previously issued in this case will be vacated and Plaintiff's request to proceed in forma pauperis denied pursuant to the Three Strikes Rule, codified at 28 U.S.C. § 1915(g). The action will be stayed/administratively closed for failure to pay the full filing fee, with the right of Plaintiff to reactivate the case by paying the full filing fee within sixty (60) days. All pending motions will be denied without prejudice to renew if Plaintiff submits the

2

filing fee within the specified time period.

II.   **Discussion**

The Prison Litigation Reform Act of 1996 ("PLRA"), in an effort to halt the filing of frivolous inmate litigation, enacted what is commonly referred to as the "three strikes" provision. Codified at 28 U.S.C. § 1915(g), the "three strikes" rule provides that an inmate who has had three prior actions or appeals dismissed as frivolous, malicious, or for failing to state a viable claim may not proceed in a civil action in forma pauperis "unless the prisoner is in imminent danger of serious physical injury." See 28 U.S.C. § 1915(g). The "three strikes" provision does not bar disqualified inmates from filing additional actions, but it does deny them the opportunity to proceed under in forma pauperis, requiring the inmates to pay the full filing fee prior to commencing suit.

In this case, Plaintiff filed a motion to proceed in forma pauperis and an authorization form. An Administrative Order was thereafter issued, followed by an Order granting ifp status and directing service of the complaint. It was recently discovered by the Court, however, that prior to instituting this action Plaintiff has, on more than twenty (20) occasions, while incarcerated, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted. These "strikes" are fully set forth in detail in a Report and Recommendation issued by a Magistrate

3

Judge in the United States District Court for the Western District of Pennsylvania on

April 4, 2006. See Ferrell v. Beard, et al., Civil Action No. 06-484 (W.D. Pa.). The

Report and Recommendation dismisses a civil rights action filed by Plaintiff on the

basis of 28 U.S.C. § 1915(g) as barred by the three strikes rule, and lists all of the

actions previously filed by Plaintiff which fall within the three strikes rule. These

cases include the following: Ferrell v. Sigismonti, et al., Civil Action No. 94-3597

(E.D. Pa.), dismissed as frivolous under 28 U.S.C. § 1915(d)[1] by Order dated June 20,

1994; Ferrell v. Librance, et al., Civil Action No. 94-3599 (E.D. Pa.), dismissed as

frivolous by Order dated June 20, 1994; Ferrell v. Semeraro, et al., Civil Action No.

94-3601 (E.D. Pa.), dismissed as frivolous by Order dated June 20, 1994; Ferrell v.

Commonwealth, et al., Civil Action No. 94-6893 (E.D. Pa.), dismissed as frivolous by

Order dated November 21, 1994; Ferrell v. Jury Commissioner, et al., Civil Action

No. 94-5796 (E.D. Pa.), dismissed as frivolous by Order dated September 29, 1994,

with an appeal therefrom dismissed by the Third Circuit as frivolous by Order dated

April 14, 1995; Ferrell v. John Doe, et al., Civil Action No. 95-2800 (E.D. Pa.),

dismissed as frivolous by Order dated May 15, 1995; Ferrell v. Horn, et al., Civil

Action No. 99-276 (W.D. Pa.), dismissed for failure to state a claim upon which relief

---

[1] The Court of Appeals for the Third Circuit has held that dismissal based on "frivolousness" that occurred prior to the passage of the PLRA are to be included among the three strikes under section 1915(g). See Keener v. Pennsylvania Bd. of Probation and Parole, 128 F.3d 143, 144-45 (3d Cir. 1997).

may be granted under 28 U.S.C. § 1915(e) by Order dated June 29, 2000; and Ferrell

v. Horn, et al., Civil Action No. 01-1137 (M.D. Pa.), construed as a combined habeas

and civil rights action with the civil rights portion dismissed as frivolous under 28

U.S.C. § 1915(e)(2)(B)(I) by Order dated July 5, 2001.[2]

Based on the foregoing, Plaintiff is thus barred by 28 U.S.C. § 1915(g) from

proceeding in forma pauperis in this action. While there does exist the "imminent

danger" exception to § 1915(g)'s "three strikes" rule, it is clearly inapplicable in this

case. The Third Circuit Court of Appeals has concluded that the requisite imminent

danger of serious physical injury must exist at the time the complaint or the appeal is

filed. See Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001)(en banc),

cert. denied, 533 U.S. 953 (2001). The "imminent danger" exception is available "for

genuine emergencies," where "time is pressing" and "a threat ... is real and

proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002). In the instant case,

even construing all allegations in favor of Plaintiff, his claims do not set forth the

imminent danger required to fall within the exception set forth in § 1915(g). He

merely complains of a situation that he feels may result in harm to him. Further,

although it is true he was subjected to the alleged conditions at the time when he filed

the complaint, which is when the "imminent harm" inquiry is made, it is noteworthy

---

[2] For a complete listing of all cases counting as a strike for purposes of 28
U.S.C. § 1915(g), see Document 2 in Ferrell v. Beard, et al., Civil Action No. 06-484
(W.D. Pa. April 20, 2006).

that he is no longer confined at SCI-Mahanoy and there are no allegations that any harm ever resulted to him as a result of the conditions he alleges.  Based on the foregoing, it is clear that Plaintiff did not face any imminent danger at the time he filed this instant action.

For these reasons, any request by Plaintiff to proceed in forma pauperis in the above case must be denied in accordance with 28 U.S.C. § 1915(g) for failure to submit the full filing fee.  The Clerk of Court will be directed to vacate the Administrative Order previously issued and cease withdrawing any monies from Plaintiff's inmate account toward the payment of the filing fee in this matter.  To the extent any monies have been withdraw, they shall be refunded to Plaintiff. The action will be stayed/administratively closed with the right of Plaintiff to reactivate the case by paying the full filing fee within sixty (60) days.  If he fails to do so, the action will be dismissed without prejudice.

**ACCORDINGLY, THIS** 2nd **DAY OF APRIL, 2008, IT IS HEREBY ORDERED AS FOLLOWS:**

1. The Administrative Order previously issued in the above matter (Doc. 7) is **vacated**.  The Clerk of Court is to cease the withdrawal of any funds from Plaintiff's inmate account.  If any monies have been withdrawn in payment toward the filing fee in said action, they are to be refunded to Plaintiff.

6

2.  Plaintiff's request to proceed in forma pauperis in the above-captioned action is **denied** in  accordance with 28 U.S.C. § 1915(g) for failure to pay the full filing fee.  The action is **stayed** without prejudice to Plaintiff to reactivate the action by submitting the full filing fee within sixty (60) days.

3.  All pending motions in this matter are **denied without prejudice to renew** said motions should Plaintiff submit the filing fee and reactivate this case.

4.  The Clerk of Court is directed to **close the above-captioned case for administrative purposes.**

EDWIN M. KOSIK
United States District Judge